IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION No. 09-800-2 |
| | : | |
| v. | : | CIVIL ACTION No. 13-4844 |
| | : | |
| JACKSON DUVERT | : | |

## MEMORANDUM

**Juan R. Sánchez, J.**                                                                 **October 22, 2014**

Defendant Jackson Duvert has filed a pro motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging he was denied his Sixth Amendment right to the effective assistance of counsel because his attorney failed to advise him of the immigration consequences of his guilty plea and failed to seek a disposition with less harsh immigration consequences. The Government urges this Court to dismiss Duvert's § 2255 motion pursuant to the appellate waiver provision of his Guilty Plea Agreement. Upon review of the audio recording of the change of plea hearing, during which Duvert specifically acknowledged he was aware his conviction on federal drug charges could be a basis for deportation, it is apparent Duvert's ineffective assistance of counsel claim lacks merit. Duvert's § 2255 motion will therefore be denied.

## BACKGROUND

On May 25, 2010, Duvert pleaded guilty to federal drug and gun charges carrying an aggregate maximum sentence of life imprisonment pursuant to a written Guilty Plea Agreement.[1]

---

[1] Duvert pleaded guilty to three counts: (1) conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846, (2) possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D), and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The gun charge carried a statutory mandatory minimum penalty of five years of imprisonment, to run consecutively to any term of imprisonment imposed on the drug charges, and a statutory maximum penalty of life imprisonment.

As part of his plea, Duvert agreed to cooperate with the Government in the hope of obtaining a sentence below the five-year mandatory minimum on the gun charge.  *See* Guilty Plea Agreement ¶¶ 3-4.  Duvert's Guilty Plea Agreement also included a broad appellate waiver provision, in which Duvert "voluntarily and expressly waive[d] all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter relating to this prosecution," including the right to seek collateral review under 28 U.S.C. § 2255, subject to certain narrow exceptions.[2]  *Id.* ¶ 9.

During the change of plea hearing,[3] this Court reviewed the terms of Duvert's Guilty Plea Agreement with him and discussed the rights Duvert was giving up by pleading guilty, including his right to file a direct appeal or, later, to attack how the case was handled by his attorney.  The Court also reviewed the consequences of pleading guilty with Duvert.  In connection with this discussion, the Government alerted the Court to the fact that Duvert was not a United States citizen, prompting the Court to question Duvert about his immigration status and to review with him the possible immigration consequences associated with his guilty plea.  In response to the Court's questions, Duvert confirmed he was not a citizen but a permanent resident of the United States.  Duvert also stated that although he had not consulted with an immigration lawyer, he had discussed with defense counsel the consequences his guilty plea could have on his immigration

---

[2] The waiver provision permitted Duvert to file a direct appeal of his sentence if the Government appealed from the sentence, and, if the Government did not appeal, permitted him to file a direct appeal raising only a claim that his sentence exceeded the statutory maximum for any count, the Court erroneously departed upward pursuant to the Federal Sentencing Guidelines, or the Court imposed an unreasonable sentence above the advisory sentencing range under the Guidelines. *See* Guilty Plea Agreement ¶ 9.  The Guilty Plea Agreement also specified the waiver provision was "not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived." *Id.*

[3] Although the change of plea hearing was not transcribed, this Court has reviewed the audio recording of the hearing.

status and he understood his drug conviction could be used as a basis to deport him from the United States.  Duvert confirmed that notwithstanding the potential for deportation, he still wished to plead guilty.  Following the Court's questioning, Duvert's counsel represented he had reviewed the immigration issues with Duvert, explaining the change of plea hearing had been continued specifically to permit counsel to go over the immigration consequences with Duvert, in light of the Supreme Court's intervening decision in *Padilla v. Kentucky*, 559 U.S. 356 (2010).[4]  Duvert again acknowledged he was aware of the potential immigration consequences of his guilty plea.[5]  At the conclusion of the change of plea hearing, this Court accepted Duvert's guilty plea, finding Duvert was competent and his decision to plead guilty was knowing and voluntary.

On June 29, 2011, this Court sentenced Duvert to time served on each of the drug counts and imposed a one-day consecutive sentence on the gun count.  The Court also imposed a five-year term of supervised release with the first eighteen months to be served on home confinement. The sentence imposed was well below both Duvert's effective advisory Guidelines range of 72-78 months and the five-year statutory mandatory minimum sentence on the gun charge.

In March 2012, the U.S. Probation Office petitioned this Court to modify the conditions of Duvert's supervised release based on his continued noncompliance with the existing

---

[4] Duvert's change of plea hearing was originally scheduled for April 19, 2010.  *See* ECF No. 38. On March 31, 2010, the Supreme Court decided *Padilla*, holding that to provide constitutionally adequate representation, defense counsel must "inform her client whether his plea carries a risk of deportation."  559 U.S. at 374.  On April 13, 2010, Duvert's counsel requested a 45-day continuance of the change of plea hearing, which the Court granted.  *See* ECF Nos. 39, 40.

[5] During the colloquy, the Assistant United States Attorney, who was also a special assistant from Immigration and Customs Enforcement, stated Duvert's conviction was likely to have immigration consequences.  Defense counsel stated he had advised Duvert of that possibility in great detail, and Duvert confirmed he was aware of the possibility and understood the potential consequences.

conditions, including his admitted marijuana use.  On March 20, 2012, this Court granted the requested modification and ordered Duvert to reside in a residential re-entry center for a period of 60 days, to be credited toward his original home confinement requirement.[6]  *See* ECF No. 138.  Although Duvert started a residential program, he did not successfully complete it, and following his discharge from the program, the Probation Officer requested a revocation hearing.  The Court held a hearing on August 23, 2012, at which Duvert appeared with counsel, and thereafter revoked Duvert's supervised release and sentenced him to four months of imprisonment to be followed by 56 months of supervised release.  *See* ECF No. 144.

At some point, deportation proceedings were commenced against Duvert.[7]  On August 13, 2013, Duvert filed the instant § 2255 motion, raising a single claim of ineffective assistance of counsel based on his attorney's alleged failure to advise him of the immigration consequences of his guilty plea and to seek a disposition with less harsh immigration consequences.[8]

---

[6] Duvert agreed to the proposed modification without speaking with his attorney, although he was given the option of doing so.

[7] It is not clear from the existing record when deportation proceedings were initiated, though, presumably, the proceedings were not commenced until after this Court revoked Duvert's supervised release in August 2012.  Duvert contends he was subjected to deportation proceedings because of his guilty plea.  The Government maintains the deportation proceedings were not the result of either Duvert's guilty plea or the brief custodial sentence this Court initially imposed, as Duvert was not deported upon completion of his one-day sentence, but was released from custody to serve his term of supervised release.

[8] Prior to filing a § 2255 motion, Duvert filed a Notice of Motion pursuant to N.Y. C.P.L. § 440.10(1)(h) and an accompanying Memorandum of Law asserting the same ineffective assistance of counsel claim.  Duvert also filed a Certification and accompanying "Legal Argument" seeking relief pursuant to the Pennsylvania Post Conviction Relief Act.  At this Court's request, the Clerk of Court provided Duvert with the current standard form for filing a § 2255 motion, which Duvert completed and submitted.

**DISCUSSION**

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the sentencing court to vacate, set aside, or correct his sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law[ ] or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In evaluating a § 2255 motion, the court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record" and "must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989); *see also* 28 U.S.C. § 2255(b).

Claims of ineffective assistance of counsel, including such claims arising in the plea bargain context, are governed by the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Missouri v. Frye*, 132 S. Ct. 1399, 1405 (2012); *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). To establish a claim for a violation of the Sixth Amendment right to effective assistance of counsel, a defendant must show (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. With regard to the deficiency element, the defendant must demonstrate "counsel's representation fell below an objective standard of reasonableness," which requires "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687-88. To establish prejudice, the defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

5

In *Padilla*, the Supreme Court held a defendant had sufficiently alleged the deficiency element of an ineffective assistance of counsel claim based on his assertion that his counsel failed to advise him his drug distribution conviction would subject him to automatic deportation and instead told him he did not need to worry about his immigration status because he had been in the United States for so long.  *See* 559 U.S. at 359-60, 368-69.  Citing *Padilla*, Duvert argues his attorney was likewise ineffective for failing to advise him his guilty plea in this case would expose him to the risk of deportation.  *See* § 2255 Mot. 13.  Contrary to this assertion, however, during the change of plea hearing, Duvert acknowledged his attorney had discussed the immigration consequences of his guilty plea with him and stated he understood his conviction could be used as a basis to deport him from the United States.  Duvert also confirmed that notwithstanding these risks, he wished to plead guilty to the drug and gun offenses charged in the indictment.  Duvert's admissions at the change of plea hearing "carry a strong presumption of verity," *see Blackledge v. Allison*, 431 U.S. 63, 74 (1977), and Duvert has offered no reason why the Court should disregard them.  Because Duvert's own statements refute his allegations that his attorney failed to advise him of the immigration consequences of his guilty plea, his ineffective assistance of counsel claim lacks merit.[9]

---

[9] Indeed, given this Court's discussion of the immigration consequences of Duvert's conviction during the plea colloquy, and Duvert's statement that he wished to plead guilty despite those consequences, Duvert could not establish an ineffective assistance of counsel claim even if his attorney had failed to advise him of the risk of deportation.  *See Gonzalez v. United States*, No. 10-5463, 2010 WL 3465603, at *1 (S.D.N.Y. Sept. 3, 2010) (holding defense counsel's alleged failure to advise the defendant he could be deported as a result of his guilty plea was not prejudicial since the court notified the defendant of the deportation consequence); *United States v. Cruz-Veloz*, No. 07-1023, 2010 WL 2925048, at *3 (D.N.J. July 20, 2010) (holding a defendant was not prejudiced by his counsel's alleged failure to inform him of the deportation consequences of his guilty plea where the court informed him of the consequences and confirmed he still wanted to plead guilty).

Insofar as Duvert alludes to counsel's failure to seek a disposition with less harsh immigration consequences, this allegation is also insufficient to support an ineffective assistance of counsel claim.  Duvert does not identify any particular disposition his counsel ought to have sought and alleges no facts suggesting that had his counsel sought some unspecified alternative disposition, there is a reasonable probability the Government would have agreed to it and this Court would have accepted it.[10]  To the contrary, the Government agreed to the plea deal Duvert accepted in this case knowing there were likely to be immigration consequences to Duvert.  There is thus no basis to conclude Duvert's counsel was ineffective for failing to seek an alternative disposition or that Duvert was prejudiced by such failure.  *See United States v. Yahsi*, 549 F. App'x 83, 85 (3d Cir. 2013) (holding a prosecutor has no obligation "to plea bargain in good faith toward a plea that d[oes] not require removal" and is "not required to entertain a plea to lesser charges solely because [the defendant] w[ill] be removed if convicted of the crimes charged in the . . . indictment").

Because the record in this case conclusively shows Duvert is not entitled to relief on his ineffective assistance of counsel claim, his § 2255 motion will be denied without an evidentiary hearing.[11]  An appropriate order follows.

---

[10] In his earlier-filed Certification, Duvert suggests his counsel should have requested a judicial recommendation against deportation, or "JRAD," but, as the Supreme Court recognized in *Padilla*, "the JRAD procedure is no longer part of our law," having been eliminated by Congress in 1990.  *See* 559 U.S. at 363.

[11] Because Duvert's ineffective assistance of counsel claim fails on the merits, the Court need not address the Government's argument that the claim is barred by the appellate waiver provision in Duvert's Guilty Plea Agreement.  The Court notes, however, that the waiver provides a further basis to deny Duvert's § 2255 motion.  A waiver of collateral review rights is enforceable provided the waiver was entered into knowingly and voluntarily and its enforcement does not work a miscarriage of justice.  *See United States v. Mabry*, 536 F.3d 231, 237 (3d Cir. 2008).  Duvert makes no argument that his waiver in his Guilty Plea Agreement of "all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter relating to this prosecution,

BY THE COURT:


___/s/ Juan R. Sánchez_____
Juan R. Sánchez, J.

---

whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law" was not knowing and voluntary.  Upon review of the plain language of the waiver in Duvert's Guilty Plea Agreement, which Duvert admitted he read, and the audio recording of the change of plea hearing, during which Duvert stated he understood the waiver and had no questions about it, the Court finds the waiver was knowing and voluntary.  The broadly worded waiver also encompasses Duvert's ineffective assistance of counsel claim, which does not fall within any of the waiver's narrow exceptions. Finally, as Duvert's ineffective assistance of counsel claim lacks merit, enforcing the waiver would not work a miscarriage of justice.